Filed 10/28/20  P. v. Mora CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SALVADOR CHAVAR MORA,<br><br>Defendant and Appellant. | F080173<br><br>(Super. Ct. No. BF175813A)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Ian P. Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

Defendant Salvador Chavar Mora contends on appeal that his five one-year prior prison term enhancements should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The People concede the enhancements should be stricken. We strike the prior prison term enhancements and affirm in all other respects.

## PROCEDURAL SUMMARY

On September 5, 2019,[2] the Kern County District Attorney charged defendant in an amended information with unlawful driving or taking a motor vehicle (Veh. Code, § 10851, subd. (a); count 1) and misdemeanor possession of a known stolen motor vehicle (§ 496d, subd. (a); count 3).[3] As to both counts, the amended information alleged defendant had suffered a prior conviction for possession of a known stolen vehicle (§ 666.5, subd. (a)), committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), had suffered a prior felony "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), had suffered a serious felony conviction (§ 667, subd. (a)), and had served five prior prison terms (§ 667.5, subd. (b)).

On September 11, the jury found defendant guilty on both counts but could not come to a unanimous finding on the gang allegations. The trial court declared a mistrial on the gang allegations. On the same date, in a bifurcated trial, the court struck the prior

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    All further dates refer to the year 2019 unless otherwise stated.

[3]    Defendant was originally charged in count 2 with felony possession of a known stolen motor vehicle as a felony. Defendant moved to reduce count 2 to a misdemeanor. The prosecutor agreed and moved to file an amended information. The trial court granted both motions. The amended information contained only counts 1 and 3.

serious felony allegation,[4] but found all other prior conviction and prior prison term allegations to be true. Defendant's prior prison terms were served for a 2015 conviction for second degree burglary (§ 460, subd. (b)), a 2010 conviction for attempted first degree burglary (§§ 460, subd. (a), 664), a 2008 conviction for possession of a stolen motor vehicle (§ 496d, subd. (a)), a 2007 conviction for receiving stolen property (§ 496, subd. (a)), and a 2004 conviction for grand theft (§ 487, subd. (a)).

On October 16, the court imposed a sentence of 13 years as follows: on count 1, eight years (the upper term of four years doubled due to defendant's prior strike conviction), plus five one-year prior prison term enhancements; on count 3, one year in county jail to be served concurrently with count 1, stayed pursuant to section 654.

On October 21, defendant filed a notice of appeal.

## FACTUAL SUMMARY

One evening in February, Wilmar Ortiz-Arias parked his blue 1995 Honda Accord (the car) on the street in front of his apartment complex. The following morning, he noticed that the car was gone, and he reported it stolen to law enforcement.

On February 17, Bakersfield Police Officer Colton Blankenship was on patrol and noticed the car. He ran a record check on the license plate and found that the car had been reported stolen. Blankenship and his partner attempted to conduct a vehicle stop by turning on the overhead lights and siren. Defendant, who was the driver of the car, continued to drive away from the officers at about 15 miles per hour. The car emitted an unusual sound and then it rolled to a stop. Defendant was then taken into custody.

Defendant told Blankenship, " 'I didn't steal [the car]. My friend let me borrow it.' " But defendant told Blankenship he knew the car was stolen. Blankenship noticed

---

[4] The gang allegations, if found true, would have elevated the driving a stolen vehicle offense to a serious felony. (§§ 667, subd. (a), 1192.7, subd. (c)(1).) Because the jury found the gang allegations not true, the trial court was required to strike the serious felony allegation. (See *ibid*.)

3

tattoos of the letters CB and BKS on defendant's body. CB and BKS were tattoos associated with the Colonia Bakers gang. Blankenship asked defendant about the Colonia Bakers and defendant responded, " 'Yeah, I still run with them.' " Defendant acknowledged to Blankenship that gang members use stolen cars to commit crimes but refused to answer whether he intended to use the car to commit a crime for the benefit of the gang.

## DISCUSSION

Defendant argues his prior prison term enhancements must be stricken based on the retroactive application of Senate Bill 136. The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342 (*Lopez*), citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed five one-year section 667.5, subdivision (b) prior prison term enhancements for terms served for convictions of burglary and theft offenses, none of which is a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). On January 1, 2020, defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b). We therefore strike defendant's prior prison term enhancements.

Where an appellate court strikes a portion of a sentence, remand for " 'a full resentencing as to all counts is [generally] appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018)

4

5 Cal.5th 857, 893.)  However, where a trial court imposed the maximum possible sentence, remand for the court to consider alternative sentencing options is unnecessary. (*Lopez*, *supra*, 42 Cal.App.5th at p. 342.)

Here, the trial court imposed the maximum possible sentence and therefore remand is unnecessary.  Accordingly, we strike the five prior prison term enhancements and direct the trial court to amend the abstract of judgment.  (*Lopez*, *supra*, 42 Cal.App.5th at p. 342.)

## DISPOSITION

All five prior prison term enhancements (§ 667.5, subd. (b)) are stricken.  The trial court is directed to prepare an amended abstract of judgment.  The court shall forward a copy of the amended abstract of judgment to the appropriate entities.  As so modified, the judgment is affirmed.